**STATE of North Dakota, Plaintiff and Respondent,**

v.

**Lloyd ANDERSON, Defendant and Appellant.**

**Cr. 304.**

Supreme Court of North Dakota.

Aug. 21, 1962.

Francis Breidenbach, Bismarck, for defendant and appellant.

Leslie R. Burgum, Atty. Gen., Bismarck, and James R. Jungroth, State's Atty., Jamestown, for plaintiff and respondent.

STRUTZ, Judge.

The defendant was charged with the crime of purchasing intoxicating liquor for persons under the age of twenty-one years in violation of Section 5–01–26 of the North Dakota Century Code. The information charges that the defendant—

"* * * did purchase or procure for Christ Gums, Jr., Robert Deede, Dennis Wilson, and Donald Chicos, persons under the age of 21 years, intoxicating liquor as defined in the North Dakota Century Code and furnished the said intoxicating liquor and delivered the said intoxicating liquor to said minors."

The statute under which the defendant was charged prohibits purchasing or procuring—

"* * * for any person under the age of twenty-one years any intoxicating liquor as herein defined or to furnish or deliver such intoxicating liquor to any such person."

Section 5–01–01 of the North Dakota Century Code defines both "alcoholic beverages" and "liquor." Subsection 1 thereof defines "alcoholic beverages" to include—

"* * * alcohol, brandy, whisky, rum, gin, beer, ale, porter, hard cider, and wine, and in addition thereto, any spirituous, vinous, malt, or fermented liquor, liquids, and compounds, whether medicated, proprietary, patented or not, and by whatever name called, containing one-half of one per cent or more of alcohol by volume, which are fit or intended for use for beverage purposes."

That subsection further provides that all alcoholic beverages shall be deemed to be intoxicating.

Subsection 2 of Section 5–01–01 defines "liquor" to mean and include—

"* * * any alcoholic, spirituous, vinous, fermented, malted, or other liquor which contains more than four per cent of alcohol by weight."

The defendant was tried in the county court of Stutsman County and was convicted by a jury. He appeals from the judgment of conviction and the sentence, and from the orders denying defendant's motion for dismissal, motion for directed verdict, motion in arrest of judgment, and motion for new trial.

The undisputed evidence in this case discloses that the defendant purchased a quantity of "Hamm's Beer" for the minors named in the information. The defendant does not deny this. He admits buying the beer for the minors, but urges the defense that nowhere in the evidence did the State prove the alcoholic content of the beer so furnished; and that, since beer may have an alcoholic content of one-half of one per cent, or more, and since the statute under which the defendant was charged makes it illegal only for a person to furnish intoxicating liquor with an alcoholic content of more than four per cent of alcohol by weight, defendant contends that the State failed to prove its case against him when it failed to establish that the alcoholic content of the beer furnished was more than four per cent of alcohol by weight.

Every defendant in a criminal action is presumed to be innocent until the contrary is proved beyond a reasonable doubt. If such guilt is not proved, he is entitled to an acquittal. Section 29–21–05, N.D.C.C.

Regardless of what definitions of "intoxicating liquor" may have existed prior to the enactment of the North Dakota Century Code, the definition in force at the time of the violation charged is contained in Subsection 2 of Section 5–01–01 of the North Dakota Century Code, which defines "liquor" as—

"* * * any alcoholic, spirituous, vinous, fermented, malted, or other liquor which contains more than four per cent of alcohol by weight."

It is significant that the statute prohibiting the giving or selling of certain beverages to a pauper uses the term "alcoholic beverage," which term would include all beverages with an alcoholic content of one-half of one per cent, or more, of alcohol by volume (Sec. 5-01-12, N.D.C.C.); that the statute prohibiting its sale to any person under the age of twenty-one, or to an incompetent person, a habitual drunkard, or an intoxicated person, prohibits the sale of "alcoholic beverages" to such persons (Sec. 5-05-09, N.D.C.C.); that the statute making it unlawful for certain persons to be permitted in a place where certain beverages are sold uses the language, "No person under twenty-one years of age shall be permitted in any room wherein is operated or maintained a bar on or over which alcoholic beverages are sold, furnished, or distributed" (Sec. 5-05-04, N.D.C.C.); and that the statute forbidding the sale of intoxicating beverages on certain days prohibits the sale or gift of "any alcoholic beverage" (Sec. 5-01-13, N.D.C.C.).

However, the statute which makes it unlawful to purchase or procure liquor for any person under the age of twenty-one years, which is the statute under which the defendant in this case was charged, uses the language "any intoxicating liquor as herein defined." And "liquor" is defined in that chapter as being "any alcoholic, spirituous, vinous, fermented, malted, or other liquor which contains more than four per cent of alcohol by weight."

The fact that an earlier enactment may have defined "intoxicating liquor" to include "alcoholic beverages" would be of no effect where the Legislature adopted a new definition prior to the commission of the offense herein charged.

The Legislature may have intended to prohibit the procuring or purchasing of any alcoholic beverage for persons under the age of twenty-one, but that is not what it did and we must follow the clear wording of the statute. The only beverage which may not be purchased or procured for persons under the age of twenty-one years is "intoxicating liquor as herein defined," and that includes only "alcoholic, spirituous, vinous, fermented, malted, or other liquor which contains more than four per cent of alcohol by weight."

The State, having introduced no evidence to prove that the beverage furnished by the defendant contained "more than four per cent of alcohol by weight," has failed to prove the defendant guilty as charged.

Since the judgment and the sentence of the court must be reversed, specifications of error not discussed herein need not be considered.

SATHRE, C. J., and MORRIS, BURKE, and TEIGEN, JJ., concur.